■ In the Matter of the Estate of NATHAN MOROS, Deceased. DANIEL MOROS et al., Appellants; ANNE L. COHEN et al., Respondents. [784 NYS2d 569]—

In a proceeding to settle the first intermediate account of the petitioners as cotrustees of a testamentary trust, the petitioners appeal from an order of the Surrogate's Court, Queens County (Nahman, S.), dated May 21, 2003, which denied their motion to transfer venue of the proceeding from Queens County to Westchester County.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, and the Clerk of the Surrogate's Court, Queens County, is directed to deliver to the Clerk of the Surrogate's Court, Westchester County, all papers filed in this proceeding and certified copies of all minutes and entries (*see* CPLR 511 [d]).

Although Queens County was a proper venue for administering the subject testamentary trust (*see* SCPA 205 [1]), the jurisdiction and venue provisions of SCPA 205 through 207 did not preclude the court from entertaining a motion for a discretionary change of venue pursuant to CPLR 510 (2) and (3) (*see* SCPA 102; *Matter of Sommer*, 177 AD2d 490 [1991]; Siegel and Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 205, at 137). Under the particular circumstances of this case, including the fact that the objectants in this proceeding have consented to the petitioners' motion for a change of venue, the motion to change venue to Westchester County should have been granted. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.